IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DELORES WILLIAMS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 12-1149 |
| | : | |
| KERRY COLLINS, et al., | : | |
| Defendants. | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                               December 5, 2012

In this employment discrimination suit, Plaintiff Delores Williams asserts three counts against Defendants Lowe's Home Centers, Inc. (Lowe's), Kerry Collins, Beth Soslow, Edward Wendorff, Robert Campbell, and Tracy Albertson (collectively, Defendants). Williams alleges violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, *et seq.* She also asserts a state-law defamation claim.

Defendants Albertson, Collins, Soslow, and Wendorff moved to dismiss all claims on May 7, 2012. Defendant Lowe's similarly moved on September 24, 2012. Defendant Campbell joined in both motions. For the following reasons, I will grant the motions in part and deny them in part.

## I. BACKGROUND[1]

### A. Factual History

Plaintiff Delores Williams, an African-American woman, was hired by Defendant Lowe's Home Centers, Inc. in April 2009 and began working at the Lowe's of East Lancaster store in July 2009. Compl. ¶ 7. Defendant Kerry Collins was the store manager at Lowe's of East Lancaster; Defendant Beth Soslow was the assistant store manager; Defendant Edward Wendorff was the store operations manager; Defendant Robert Campbell was the store department manager; and Defendant Tracy Albertson was the regional human resources manager. Id. ¶ 6.

Williams claims Defendant Campbell began making offensive "comments about her race and sexuality" in April 2010. Id. ¶ 6. Williams complained to her store human resources manager, Andrew Feason, who reported the allegations to Defendant Albertson. Id. ¶ 10. Williams eventually complained directly to Defendant Collins. Id. ¶ 12. Shortly thereafter, Defendant Campbell was fired. Id.

Within a week of Campbell's termination, Williams began to note "persistently negative attitudes and hostile dispositions and comments" by her supervisors. Id. ¶ 17. Defendant Collins "admonished [her] for continuing to speak with Feason." Id. ¶ 13. Defendant Wendorff "openly berated [her] in front of other employees and customers" and falsely accused her of stealing merchandise. Id. ¶ 14. Williams was also "subjected to random scheduling changes." Id. ¶ 18. According to Williams, Defendants Collins and Albertson "discourag[ed] her from complaining. Id. ¶ 15.

---

[1] In accordance with Federal Rule of Civil Procedure 12(b)(6), I accept all well-pleaded facts as true. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

On November 1, 2010, Defendants Collins and Soslow terminated Williams' employment for allegedly double charging a customer and not correcting the error. Id. ¶ 19. Williams claims another employee was responsible for the error, a white male who was not terminated or disciplined. Id.

B. **Procedural History**

Williams filed her initial complaint on May 23, 2011.[2] Defendants moved to dismiss all claims. After Williams failed to timely respond, I granted Defendants' motion as uncontested pursuant to Local Rule of Civil Procedure 7.1(c). Williams filed an untimely motion for reconsideration, which I denied because it failed to allege any legitimate basis for reconsideration. Williams filed the present complaint on March 5, 2012. She asserts claims for violations of 42 U.S.C. § 1981 (Count I—all Defendants), violations of Title VII and the PHRA (Count II—Defendant Lowe's), and defamation (Count III—Defendant Wendorff ).[3] Defendants Albertson, Collins, Soslow, and Wendorff moved to dismiss all claims on May 7, 2012. Defendant Lowe's similarly moved on September 24, 2012. Defendant Campbell joined in both motions.

II. **STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a

---

[2] No. 11-cv-03337.
[3] The present complaint is virtually identical to the original complaint. The only difference is the addition of a Title VII/PHRA claim against Lowe's and the inclusion of Lowe's as a defendant on the § 1981 claim.

3

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[C]onclusory or 'bare-bones' allegations will no[t] . . . survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Applying these standards, I "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler, 578 U.S. at 210-11. Ultimately, I must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION[4]

### A. § 1981 (Count I)[5]

In Count I, Williams appears to assert both discrimination and retaliation claims under § 1981. Defendants contend Williams has failed to allege plausible claims. Aside

---

[4] At the outset, I decline the invitation to dismiss Williams' § 1981 claims on the grounds of res judicata. A motion to dismiss granted strictly on the basis that it is uncontested, as Defendants' motions were in Case No. 11-cv-03337, is not a judgment on the merits carrying res judicata effect. King v. Timmoney, 263 F. Supp. 2d 977, 980 (E.D. Pa. 2003).

[5] Section 1981(a) provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

from Williams' discrimination claims against Collins, Soslow, and Lowe's, I agree.

### 1. Discrimination

To maintain a claim of discrimination under § 1981, "a plaintiff must show (1) that he belongs to a racial minority; (2) 'an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in' § 1981, including the right to make and enforce contracts." Pryor v. Nat'l Collegiate Athletic Ass'n., 288 F.3d 548, 569 (3d Cir. 2002) (quoting Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001). Defendants move for dismissal under the second prong.

Regarding Williams' § 1981 claims against Wendorff and Albertson, the Complaint contains not a single fact suggesting either acted with racial animus. Williams alleges Wendorff "berated" and "abused" her in front of others. Compl. ¶¶ 14, 16. Williams alleges Albertson would "demean her and put her complaint[s] down." Id. ¶ 15. Finally, Williams claims both Wendorff and Albertson falsely accused her of misconduct. Id. ¶¶ 14, 18. Aside from the unsupported legal conclusion that Albertson took these actions "because [Williams] is black and a female," id. ¶ 18, nowhere does the Complaint even suggest that Wendorff or Albertson were motivated by racial bias. Where the plaintiff fails to allege "any facts from which a discriminatory animus on the part of the defendant might be inferred," dismissal is warranted. Truong v. Dart Container Corp., CIV.A. 09-3348, 2010 WL 4237944, at *4 (E.D. Pa. Oct. 26, 2010).

Moving to the § 1981 claim against Campbell, the Complaint alleges that he made "comments about [Williams'] race . . . that [she] found to be offensive and unwarranted,

5

and which she rebuffed." Id. ¶ 8. While this allegation does at least mention Williams' race, it is entirely unsupported and is thus nothing more than a "bare assertion[]" which I need not credit. Iqbal, 556 U.S. at 681. Even if this allegation were sufficient to raise an inference of intentional race discrimination, Williams has put forth no facts suggesting Campbell was personally involved in her termination. "Personal liability under Section 1981 must be predicated on the actor's personal involvement and, consequently, there must be some affirmative link to causally connect the actor with the discriminatory action." Sheldon v. Neal, CIV.A. 11-1128, 2012 WL 4482026, at *8 (W.D. Pa. Aug. 28, 2012) (citing Johnson v. Resources for Human Dev., Inc., 843 F.Supp. 974, 978 (E.D. Pa. 1994)). Because Williams does not allege Campbell played any role in her ultimate termination, her § 1981 claim against him fails.[6]

As to Collins and Soslow, however, I conclude Williams has set forth plausible claims. Williams alleges Collins and Soslow fired her for double charging a customer and failing to correct the mistake, but she denies responsibility for the error and claims it was actually committed by a white male, who was not terminated or disciplined. Compl. ¶ 19. An employee may raise an inference of discrimination "by showing that similarly situated individuals outside the plaintiff's class were treated more favorably." Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 273 (3d Cir. 2010). At this early stage, Williams has sufficiently done so to keep her § 1981 discrimination claims against

---

[6] Williams apparently does not assert a § 1981 harassment claim against Campbell; however, to the extent she does, I note that her Complaint fails to allege a plausible claim. Even assuming the truth of Williams' unsupported allegation that Campbell made "comments about her race," the Complaint simply contains no facts from which an inference could be drawn that Campbell's comments were severe or pervasive. Indeed, Williams does not even identify Campbell's purportedly racist comments. See Thompkins v. Mercy Philadelphia Hosp., CIV.A. 10-2188, 2010 WL 3719099, at *2-4 (E.D. Pa. Sept. 20, 2010) (dismissing § 1981 harassment claim where plaintiff based her claim on "one alleged email [but did not] set forth what the email said").

6

Collins and Soslow alive.[7]

## 2. Retaliation

Williams' § 1981 retaliation claims fail because she has not plausibly alleged she complained of race discrimination. To maintain a claim of retaliation under § 1981, a plaintiff must show that 1) he engaged in protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse employment action. Estate of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 798 (3d Cir. 2010). Section 1981 does not protect against retaliation based solely on complaints of sex discrimination. Anjelino v. New York Times Co., 200 F.3d 73, 78 (3d Cir. 1999) (affirming the district court's "dismissal of the claims of sex discrimination and sex-based retaliation under section 1981 because section 1981 does not reach these forms of discrimination").

The clear gist of Williams' Complaint is that she was retaliated against for complaining of *sexual*, not *racial*, harassment. Although Williams alleges that Campbell's conduct was "racially oriented," this is merely a conclusory statement devoid of underlying factual support. Compl. ¶ 1. Rather, the Complaint indicates that Williams

---

[7] Defendants contend Williams' allegation against Collins and Soslow is conclusory and thus insufficient to state a plausible claim. They cite numerous cases for the proposition that, to survive a motion to dismiss, a plaintiff must do more than generally allege he or she was treated less favorably than members of the non-protected class. See, e.g., Deserne v. Madlyn & Leonard Abramson Ctr. For Jewish Life, Inc., CIV.A. 10-03694, 2011 WL 605699, at *2 (E.D. Pa. Feb. 16, 2011). Williams has done that here. She identifies specific misconduct—double charging a customer and failing to correct the error—for which a member of the non-protected class was allegedly responsible and not disciplined, but for which Williams was falsely accused and subsequently terminated. I note, however, that Williams' allegation is far from a model of clarity and leaves many essential dots unconnected. For instance, the allegation provides no basis for distinguishing between race discrimination and sex discrimination, the latter of which is not cognizable under § 1981. See Wise v. Estes, CIV.A. 10-481 (JLL), 2010 WL 2757273, at *4 (D.N.J. July 6, 2010) (dismissing plaintiff's § 1981 claim, in part, because the complaint did "not provide a factual basis for racial versus age discrimination"). Nor does the allegation provide facts suggesting Williams and "the other employee" were sufficiently similar so as to render "the other employee's" retention and Williams' termination indicative of race discrimination. Nonetheless, drawing all reasonable inferences in favor of Williams, I find her allegation passes muster at this early stage.

reported Campbell after he made "unwarranted sexual advances" to her.  Id.  Although the Complaint includes no further details about Williams' report, her PHRC charge, which I may consider on a motion to dismiss, see Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), clearly indicates the basis for her retaliation claim is a complaint of sexual harassment: "In or about May 2010, I opposed a practice made unlawful by the PHRA when I reported Seth Campbell for *sexual harassment* . . . ."  Doc. No. 21, Ex. B, ¶ 31 (emphasis added).  Although the retaliation count also references Williams' report of "unfair discipline" by another supervisor, Meghan Henry, there is nothing to indicate the "unfair discipline" was racially based.  Accordingly, because Williams does not plausibly allege she complained of racial, as opposed to sexual, harassment, she cannot maintain a retaliation claim under § 1981.

Count I is therefore dismissed in part and retained in part.  Williams' § 1981 discrimination claims against Collins, Soslow, and Lowe's[8] remain.

### B.  Title VII and the PHRA (Count II)

In Count II, Williams asserts discrimination, retaliation, and hostile work environment claims against Lowe's under Title VII and the PHRA.[9]  I will dismiss her hostile work environment claim, but retain her discrimination and retaliation claims.

#### 1.  Discrimination

"The elements of a § 1981 claim are identical to the elements of a Title VII

---

[8] Lowe's is retained as a defendant on Count I "because *respondeat superior* liability is available in actions against private employers pursuant to § 1981."  Goodwin v. Fast Food Enterprises No. 3, LLP, CA 10-23, 2012 WL 1739830, at *3 (W.D. Pa. May 16, 2012).

[9] Because the PHRA "is construed consistently with interpretations of Title VII," I do not separately address Williams' PHRA claims.  Gomez v. Allegheny Health Services, Inc., 71 F.3d 1079, 1084 (3d Cir. 1995).

employment discrimination claim." McCarty v. Marple Twp. Ambulance Corps, CIV.A. 10-5747, 2012 WL 2018138, at *1 n.3 (E.D. Pa. June 5, 2012) (citing Brown v. J. Kaz, Inc., 581 F.3d 175, 181–82 (3d Cir. 2009)). Thus, Williams' race-based Title VII discrimination claim is retained for the same reasons as her corresponding § 1981 claim.

I will dismiss Williams' sex-based Title VII discrimination claim, however. Lowe's argues this claim is barred because she failed to exhaust her administrative remedies. "Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC. . . . The ensuing suit is limited to claims that are within the scope of the initial administrative charge." Barzanty v. Verizon PA, Inc., 361 F. App'x 411, 413-14 (3d Cir. 2010) (citations omitted). I agree with Lowe's that Williams failed to exhaust her administrative remedies with respect to this claim. Williams' PHRC charge contains two counts: "Discharge Race-Discrimination" and "Discharge Retaliation-Discrimination." Doc. No. 21, Ex. B, ¶¶ 19-36. There is no language in either count suggesting that Lowe's terminated Williams because of her sex. Because her sex-based discrimination claim is "outside the scope" of her PHRC complaint, she cannot now raise it in court. Webb v. City of Philadelphia, 562 F.3d 256, 263 (3d Cir. 2009). That claim is dismissed.[10]

### 2. Hostile work environment

As for Williams sex-based Title VII hostile work environment claim, to prevail she must prove that (1) she suffered intentional discrimination because of her sex, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected

---

[10] Because Williams failed to respond to this argument, her sex-based discrimination claim is alternatively dismissed as waived. Karchnak v. Swatara Twp., 07-CV-1405, 2009 WL 2139280, at *21 (M.D. Pa. July 10, 2009).

9

her, (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position, and (5) the existence of respondeat superior liability. Huston v. Procter & Gamble Paper Products Corp., 568 F.3d 100, 104 (3d Cir. 2009) (citing Weston v. Pennsylvania, 251 F.3d 420, 426 (3d Cir. 2001)). Lowe's contends Williams has failed to plausibly allege conduct sufficiently severe or pervasive to create a hostile work environment. I agree. As with Williams' § 1981 claims, the Complaint simply contains no specific, supporting facts. The most Williams alleges is that Campbell made "comments about her . . . sexuality that [she] found to be offensive and unwarranted, and which she rebuffed." Compl. ¶ 8. Campbell's allegedly harassing comments are never identified, and no hint is made as to their frequency, duration, and severity. With no substantiating factual matter whatsoever, Williams' claim is nothing more than a "naked assertion" insufficient to survive the present motion. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Williams' sex-based hostile work environment claim is therefore dismissed.[11]

### 3. Retaliation

I conclude that Williams has plausibly alleged a Title VII retaliation claim based on her complaint of Campbell's purported sexual misconduct. To assert a retaliation claim under Title VII, the employee must show that "'(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.'" Hussein v. UPMC Mercy Hosp., 466 F. App'x

---

[11] To the extent Williams asserts a race-based hostile work environment claim under Title VII, it is dismissed for the reasons discussed in note 6, supra.

108, 112 (3d Cir. 2012) (Moore v. City of Phila., 461 F.3d 331, 340–41 (3d Cir. 2006)). I note initially that Williams' failure to plead sufficiently a sex-based hostile work environment claim does not doom her corresponding retaliation claim, since the focus of a retaliation claim is "the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 69 (2006). Williams need only "hold an objectively reasonable belief, in good faith, that the activity [she] oppose[s] is unlawful under Title VII." Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006). Here, Williams alleges that she complained to Collins about Campbell's sexual advances, Compl. ¶ 9, that Campbell was subsequently fired for "inappropriate conduct," id. ¶ 12, and that within a week of Campbell's termination, she suffered various retaliatory acts by members of Lowe's supervisory and human resources staff, id. ¶¶ 13-18. Although I find Williams' allegations of retaliatory conduct to be thin, I nonetheless conclude they are sufficient to survive the present motion.

Count II is therefore also dismissed in part and retained in part. Williams' Title VII claims against Lowe's for retaliation and race-based discrimination survive.[12]

---

[12] Finally, I note that I will not grant Williams leave to amend her complaint to cure the deficiencies identified in this memorandum. As one court aptly put it in a similar circumstance:

> Even though in civil rights cases a plaintiff may be afforded an opportunity to amend her complaint, the Court finds that it would be futile because defendants' motion alerted plaintiff to her pleading deficiencies, yet despite filing a proposed amended complaint with regard to her defamation claim, she did not attempt to amend her discrimination claims. In essence, plaintiff has already had two bites at the apple. Her failure to propose amendments to those counts in light of the defendants' pointed and clear challenges to them is convincing evidence that she has no such facts to plead.

Golod v. Bank of Am. Corp., CIVIL 08-746 NLH/AMD, 2009 WL 1605309, at *4 n.5 (D. Del. June 4, 2009). Here, Defendants moved to dismiss Williams' claims in Case No. 11-cv-03337, contending, as they do now, that the facts

## C. Defamation (Count III)

Williams concedes that the statute of limitations has run on her state-law defamation claim. Doc. No. 17 at 8; see also Lin v. Rohm & Haas Co., 293 F. Supp. 2d 505, 520 (E.D. Pa. 2003) ("Under Pennsylvania law, claims for defamation are subject to a one year statute of limitations.") (citing 42 Pa. C.S. § 5523(1)). Nevertheless, she urges me to equitably toll the limitations period. "Pennsylvania law recognizes equitable tolling where either (1) the discovery rule applies or (2) the defendant is estopped from relying on the limitations period." Young v. Local 1201, Firemen & Oilers Union, CIV.A. 07-3576, 2009 WL 3152119, at *8 (E.D. Pa. Sept. 25, 2009) (citing Wilson v. El Daief, 600 Pa. 161, 964 A.2d 354, 359 (Pa. 2009)). Williams makes no argument that either situation applies to her case, and I find that neither does.

Count III is therefore dismissed in its entirety.

## IV. CONCLUSION

For the foregoing reasons, I will grant in part and deny in part the motions to dismiss of Defendant Lowe's (Doc. No. 20) and Defendants Albertson, Collins, Soslow, and Wendorff (Doc. No. 9). I will grant both of Defendant Campbell's motions for joinder (Doc. Nos. 14 and 23). An appropriate order follows.

---

as alleged failed to state plausible claims under § 1981. Subsequently, in the present case, Williams filed an identical complaint, aside from the addition of a Title VII claim against Lowe's. It may be argued that Williams was not alerted to the deficiencies in her Title VII claim; however, given the similarities between Title VII and § 1981, Williams inexplicable failure to supplement the facts surrounding her § 1981 claims, even after being clearly alerted to them by the Defendants, may be fairly imputed to her Title VII claims. I find that further amendment would be futile, and it is therefore denied.